UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEELEY MITCHELL,

                Petitioner,

                                        CIVIL ACTION NO. 05-CV-73190-DT

v.                                 HONORABLE DENISE PAGE HOOD

KURT JONES,

                Respondent.

_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL, AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

      Petitioner Keeley Mitchell, a state prisoner currently confined at the Caron City Correctional Facility in Carson City, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights.  Respondent Kurt Jones is the warden at that facility.  This matter is before the Court on Respondent's motion for summary judgment seeking dismissal of the petition for being untimely and the Petitioner's motion for appointment of counsel.  For the reasons set forth below, the Court grants Respondent's motion, denies Petitioner's motion, and dismisses the petition for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d).

I.      **Facts and Procedural History**

      Petitioner pleaded guilty to open murder in the Genesee County Circuit Court on November 14, 1990 for the beating death of Lennie Earl Hudson on June 19, 1990.  Following a

degree hearing, the trial court found him guilty of first-degree murder and sentenced him to life

imprisonment without the possibility of parole on December 18, 1990.

Following his conviction, Petitioner filed a motion to withdraw his plea with the trial

court, which was denied.  Petitioner then filed an appeal as of right challenging the validity of

his plea with the Michigan Court of Appeals, which affirmed his conviction.  *People v. Mitchell*,

No. 141474 (Mich. App. April 1, 1994).  Petitioner also filed an application for leave to appeal

with the Michigan Supreme Court, which was denied.  *People v. Mitchell*, No. 99720 (Mich.

Oct. 28, 1994).

Petitioner filed the present petition for writ of habeas corpus on August 16, 2005

asserting that his guilty plea was not knowing and voluntary due to the ineffective assistance of

defense counsel.  Respondent filed the instant motion to dismiss on October 28, 2005 contending

that the petition should be dismissed for failure to comply with the one-year statute of limitations

applicable to federal habeas actions.  Petitioner filed a response to the motion on November 28,

2005, asserting that limitations period should be tolled because his habeas claim has merit and he

is actually innocent of first-degree murder.

II.    **Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28

U.S.C. § 2241 *et seq*., became effective on April 24, 1996.  The AEDPA governs the filing date

for this action because Petitioner filed his petition after the AEDPA's effective date.  *See Lindh*

*v. Murphy*, 521 U.S. 320, 336 (1997).  The AEDPA amended 28 U.S.C. § 2244 to include a one-

year period of limitations for federal habeas petitions brought by prisoners challenging state

court judgments.

2

The revised statute provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Petitioner's convictions became final before the AEDPA's April 24, 1996 effective date. Prisoners whose convictions became final prior to the AEDPA's effective date are given a one-year grace period in which to file their federal habeas petitions. *See Abela v. Martin*, 348 F.3d 164, 167 (6th Cir. 2003), *cert. den. Caruso v. Abela*, 541 U.S. 1070 (2004). Accordingly, Petitioner was required to file his petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not seek state post-conviction or collateral review of his conviction after

the conclusion of his direct appeals.  Additionally, he did not file his federal habeas petition until

August16, 2005.  Thus, the one-year limitations period expired well before Petitioner sought

habeas review.  Petitioner does not assert that the State created an impediment to the filing of his

habeas petition, nor does he assert that his claims are based upon newly-recognized

constitutional rights or newly-discovered evidence.  His habeas action is therefore barred by the

statute of limitations set forth at 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year

limitations period is not a jurisdictional bar and is subject to equitable tolling.  In *Dunlap v.*

*United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to

determine whether equitable tolling of the habeas limitations period is appropriate is the five-part

test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988).   The five parts of this test are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's
> lack of constructive knowledge of the filing requirement; (3) diligence in
> pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the
> petitioner's reasonableness in remaining ignorant of the legal requirement for
> filing his claim.

*Dunlap*, 250 F.3d at 1008.  A petitioner has the burden of demonstrating that he is entitled to

equitable tolling.  *See Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).  "Typically, equitable

tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably

arose from circumstances beyond that litigant's control."  *Jurado v. Burt*, 337 F.3d at 642

(quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-561

(6th Cir. 2000)).

In this case, Petitioner sets forth no circumstances which caused him to institute his

habeas action more than eight years after the expiration of the one-year limitations period.  The

4

fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

Petitioner instead asserts that the Court should consider his petition because his claim has merit and he is actually innocent of first-degree murder. The Sixth Circuit has recently held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005); *see also Holloway,* 166 F. Supp. 2d at 1190. As explained in *Souter, supra*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

Petitioner has made no such showing. His contention that his habeas claim (that defense

5

counsel was ineffective) has merit does not state a claim of actual innocence -- nor does it justify tolling the limitations period. *See Allen v. Yukins*, No. 01-CV-74002-DT, 2002 WL 31962611, *7 (E.D. Mich. Dec. 23, 2002); *Holloway*, 166 F. Supp. 2d at 1191.  Moreover, Petitioner has presented no new reliable evidence in support of such a claim.  His guilty plea to open murder negates his claim that he is actually innocent.  *See, e.g., Loving v. Mahaffey*, 27 Fed. Appx. 925, 926 (10th Cir. 2001) (noting that a claim of actual innocence is difficult to establish particularly when a defendant pleads guilty to the offense); *Catala v. Bennett*, 273 F. Supp. 2d 468, 474 (S.D.N.Y. 2003) (same).  Given these circumstances, the Court finds that Petitioner has failed to demonstrate that he is entitled to equitable tolling of the one-year period.

**III.    Conclusion**

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.

Accordingly,

**IT IS ORDERED** that Respondent's motion for summary judgment [Dkt. #7] is **GRANTED** and that the petition for writ of habeas corpus [Dkt. #1] is **DISMISSED WITH PREJUDICE**.  Given this determination, Petitioner's motion for appointment of counsel [Dkt. #3] is also **DENIED**.

　　　　　　　　　　　　　　　　　　 /s/ Denise Page Hood
　　　　　　　　　　　　　　　　　　DENISE PAGE HOOD
DATED: January 31, 2006　　　　　　UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2006, by electronic and/or ordinary mail.

　　　　　　　　　　　　　　　　　　s/William F. Lewis
　　　　　　　　　　　　　　　　　　Case Manager